*CHARLES E. ROTH v. AGNES BIEN, ADMRX.

**Evidence as to Decedent's Attachment to His Children Held Irrelevant and Prejudicial.**

> In an action for wrongful death testimony that decedent was greatly attached to his children is irrelevant, and having been brought out for the purpose of influencing the amount of damages the children should receive as beneficiaries, and the court being unable to say that this purpose was not accomplished, must assume that prejudicial error resulted.

*D. F. Cash,* for plaintiff in error.

*Kramer & Bettman,* for defendant in error.

Nicholas Bien was killed by an automobile belonging to Mr. Roth, which struck him as he was crossing the street at Eighth and Walnut, Cincinnati. Judgment for $9,000 was recovered below by the administratrix.

---

*Affirmed, no op., **Bien** v. **Roth,** 87 O. S. 000; 57 Bull. 472.

Roth v. Bien.

**JONES, J.**

On pages 13 and 14 of the bill of exceptions will be found the following:

"Q. Mrs. Bien, will you state what his disposition towards the children was? A. Why, he was always with them; he was always with them; he thought so much of them; he would call them around him in the evening, or sometimes in the afternoon, and want to tell them something that was going on, with the little ones, the small ones.

"Q. Now, I don't know that I understood that; speak louder. A. He thought so much of them he would always call them to him in the evening, or Sunday afternoons, that was his pleasure, to call them up to him, the smaller ones, to tell them something.

"(Counsel for defendant moved that the answer be ruled out. Motion overruled; to which defendant, by his counsel then and there excepted.)"

These questions and answers were irrelevant and could not possibly throw any light upon the issues in the case. The authorities cited in the brief of defendant in error do not sustain the contention made as to the admissibility of such evidence.

It appears that counsel for plaintiff below insisted upon the questions being answered against objection and requested a "louder" repetition of the answer.

His purpose manifestly was to have the jury consider the evidence thus given as affecting the amount of damages suffered by the beneficiaries.

We can not say that the desired effect was not accomplished, and, hence, are justified, we think, in holding that the error was prejudicial. We find no other error.

Judgment reversed and cause remanded to court of common pleas.

**Smith** and **Swing, JJ,** concur.